UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:19-cv-24748-JLK

SISY OROBITG, individually, and on behalf
of others similarly situated,

    Plaintiffs,

v.

CALIBURN INTERNATIONAL, LLC, and
COMPREHENSIVE HEALTH SERVICES,
LLC,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

THIS CAUSE is before the Court on Plaintiff's Motion for Class Certification (the "Motion") (DE 54), filed March 16, 2020. The Court has also considered Defendant's Response in Opposition (DE 69), filed May 13, 2020, and Plaintiff's Reply (DE 80), filed June 3, 2020. After careful consideration, the Court finds that the Motion should be denied for the reasons stated herein.[1]

### I.    BACKGROUND

On November 15, 2019, Plaintiff Sisy Orobitg filed a two-count Complaint against Defendants Caliburn International, LLC and Comprehensive Health Services, LLC alleging a claim under the Fair Labor Standards Act ("FLSA") for unpaid overtime wages (Count I), and a

---

[1] On February 12, 2020, this matter was transferred to the undersigned from U.S. District Judge Beth Bloom pursuant to Internal Operating Procedure 2.15.00 of the United States District Court for the Southern District of Florida. (DE 40). The undersigned then referred this case to U.S. Magistrate Judge Jacqueline Becerra for discovery matters and settlement conference. (DE 42 and DE 45). The instant Motion for Class Certification exceeds the scope of that referral.

claim under the Workers Adjustment and Retraining Notification Act ("WARN") for failure to provide notice before conducting a "mass layoff" (Count II).[2] (*See* Compl., DE 1). Plaintiff alleges that: (1) she worked as an hourly-paid "case manager" from December 2018 through October 2019 at Defendants' child detention center located in Homestead, Florida; (2) she worked several workweeks in excess of forty (40) hours; (3) she was not compensated at time-and-a-half of her regular rate of pay for such overtime work; and (4) she and other similarly situated employees were subject to Defendants' "common policy of prohibiting hourly-paid employees from being 'clocked in' before and after their scheduled shifts, and/or during their meal breaks, regardless of whether they were working during such times." (Am. Compl., DE 34 ¶¶ 14, 23, 26). Plaintiff has also moved for conditional class certification under 29 U.S.C. § 216(b) of the FLSA, seeking to certify a collective action for unpaid overtime wages on behalf of: "All hourly-paid employees at Defendants' Homestead, Florida shelter at any time within the period of the three (3) years prior to the commencement of this action through the date on which conditional certification is granted." (Mot. at 1).

## II.    LEGAL STANDARD

It is soundly within the discretion of the Court to create an opt-in class under 29 U.S.C. §216(b) by facilitating notice to potential plaintiffs. *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). The Court employs a two-tiered approach to certification of a §216(b) opt-in class, as recommended by the Eleventh Circuit. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001). At the first stage, the notice stage, the class certification determination is made using a fairly lenient standard, based primarily on the pleadings and any affidavits which

---

[2] Plaintiff's First Amended Complaint, filed as a matter of course on February 6, 2020, also alleges a claim under the Consolidated Omnibus Budget Reconciliation Act of 1985 (Count III) ("COBRA"), 29 U.S.C. §§ 1161–1169 and 29 C.F.R. § 2590. (DE 34).

2

have been submitted. *Id.* The plaintiff's burden at the first stage is "not heavy," and they may meet this burden by making "substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996). The affidavits must indicate that there are other employees who are "similarly situated" with respect to their job requirements and their pay provisions, and that these employees desire to opt in. *See Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991). Conclusory allegations with no evidence are insufficient to meet the "similarly situated" burden. *See Grayson*, 79 F.3d at 1097–99; *see also Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983) (district court properly declined to issue notice where plaintiff offered only unsupported allegations of widespread FLSA violations).

### III.   DISCUSSION

In the Motion, Plaintiff contends that conditional class certification is appropriate because Defendants applied a strict "No Overtime" policy to all their hourly employees. (Mot. at 5). For this reason, Plaintiff argues that the putative class members—all hourly-paid employees of Defendant for the last three years—are "similarly situated" to Plaintiff, even though they maintained different job titles during this period, because they were all discouraged from working overtime hours in the same way. (*Id.*). Plaintiff also emphasizes the lenient standard for conditional class certification used by the Eleventh Circuit Court of Appeals. *See, e.g.*, *Compere v. Nusret Miami, LLC*, 391 F. Supp. 3d 1197, 1201 (S.D. Fla. 2019).

In response, Defendants argue that "Plaintiff fails to identify any potential collective members – other than the individuals who have already filed Consents to Join – who desire to opt-in to this lawsuit." (Defs. Resp., DE 69 at 2). Defendants also argue that Plaintiff's proposed class

description is overly broad since it includes employees with job duties that differ from Plaintiff's. (*Id.* at 9).

After careful consideration, the Court finds that Plaintiff has failed to carry her burden of establishing that there are other similarly situated employees who wish to opt-in to this action. Four additional employees have already joined this lawsuit without court-facilitated notice, which suggests that "the action's existence is well-known and those employees who have an interest in the matter have opted in." *Echevarria v. Las Vegas Beach, Inc.*, Case No. 10-cv-20200-HUCK, 2010 WL 2179747, at *1 (S.D. Fla. June 1, 2010). Plaintiff's Motion for Class Certification should therefore be denied. *See also Kemar Fung Chung v. Affordable Battery, Inc.*, Case No. 12-cv-60612-COHN, 2012 WL 3759029, at *2 (S.D. Fla. Aug. 29, 2012) ("[U]nsupported allegations that FLSA violations are widespread throughout a company, and that additional plaintiffs will join the suit, are insufficient to support class certification.").

Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that Plaintiff's Motion for Class Certification **(DE 54)** be, and the same is, hereby **DENIED**.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 24th day of September, 2020.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**cc:**   **All counsel of record**
          **Magistrate Judge Jacqueline Becerra**

4